# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TURNER,<br><br>            Plaintiff,<br><br>      v.<br><br>J. SULLIVAN, et al.,<br><br>            Defendants.<br>                                                            / | CASE NO. 1:05-cv-01288-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 22)<br><br>OBJECTIONS DUE JULY 28, 2007 |

I.      Findings and Recommendations Addressing Defendants' Motion to Dismiss

    A.      Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed October 12, 2005, against defendants Sullivan, Wyan, Vo, Chapel and Culpepper for deliberate indifference to serious medical needs, in violation of the Eighth Amendment.

On January 5, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Chappel, Sullivan, Vo, Culpepper and Wyman[1] ("defendants") filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a).  (Doc. 21.)  Plaintiff filed an opposition on January 24, 2007,[2] defendants filed a reply on February 5, 2007.

    B.      Legal Standard

---

[1] Defendant Wyman filed a joinder to the motion on April 10, 2007.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 30, 2006.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C. Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to

1    use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378,
2    2383 (2006); McKinney, 311 F.3d at 1199-1201.
3          In his complaint, plaintiff alleges that he filed an inmate appeal and completed the
4    grievance process. Defendants argue that they are entitled to dismissal of this action because
5    plaintiff failed to pursue his appeal to the second or third and final level of review. In support of
6    their motion, defendants submit evidence that on June 17, 2004 while at California Correctional
7    Institution ("CCI"), plaintiff filed a CDC 602 Appeal, Log Number CCI-3-04-1876, regarding
8    lack of pain medication and medical treatment for his knee condition. Defendants contend that
9    after receiving a first level response on September 1, 2004, plaintiff did not request a second
10   level review, or a Director's Level review. *See* Sampson Decl., ¶ ¶4-5; Grannis Decl., ¶ 9.
11         Defendants have met their burden as the parties moving for dismissal. The burden
12   therefore shifts to plaintiff. Plaintiff may not simply rely on allegations in the complaint, and
13   must instead, oppose the motion by setting forth specific facts in declaration(s) and other
14   evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza,
15   837 F.2d at 369.
16         In his opposition, plaintiff submits evidence that he submitted Log Number CCI-3-04-
17   1876 at California Substance Abuse Treatment Facility (CSATF) for second level review on
18   September 23, 2004. Plaintiff also submits evidence that on August 2, 2005, his documents were
19   returned from the Director's level and he was advised that he needed to proceed through the
20   second level review prior to presenting the appeal to the Director's level.
21         In reply, defendants submit the declaration of R. Hall, the appeals coordinator at CSATF,
22   who explains that plaintiff was transferred to CSATF from CCI on September 1, 2004. Plaintiff
23   submitted the appeal to CSATF for second level review on September 24, 2004. R. Hall. Decl. ¶
24   2. On September 28, 2004, the appeal was screened out at the second level and plaintiff was
25   instructed to forward the appeal directly to CCI, since that was where the grievance originated.
26   R. Hall. Decl. ¶ 3. Instead of doing so, plaintiff again filed the grievance at CSATF and it was
27   again screened out using the same screen out letter. R. Hall. Decl. ¶ 4. As discussed above,
28   there is no record of the appeal having been received at CCI for processing at the second level.

*See* Sampson Decl., ¶ ¶4-5. Plaintiff then forwarded the appeal to the Inmate Appeals Branch of CDCR for Director's level review. The appeal was screened out and the letter from IAB instructs plaintiff to proceed through second level review prior to presenting the appeal to the Director's level. Exhibit F.

As discussed, in order to exhaust their claims prior to filing suit and to satisfy section 1997e(a), California state prisoners are required to use the process provided for in Title 15 § 3084.1, which involves four levels of appeal. *See* Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. Plaintiff admittedly did not do so. While he ultimately submitted the appeal to the Director's level for review, he did not follow the proper procedure in doing so. Where an inmate's appeal is rejected because he failed to follow the applicable rules, the exhaustion requirement is not satisfied. Woodford, 126 S.Ct. at 2382. Accordingly, defendants are entitled to dismissal of this action based on plaintiff's failure to exhaust.

D.      Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to dismiss for failure to exhaust, filed January 5, 2007, be GRANTED. In the event this recommendation is adopted by the District Court, the undersigned also recommends that the exercise of supplemental jurisdiction over plaintiff's state law claims be declined and the state law claims also be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before July 28, 2007, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2007**                    /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

4